IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



MARTIN V. BARR, III,

    Petitioner,

v.                                    Civil Action No. 3:13CV785

DIRECTOR OF THE DEPARTMENT OF CORRECTIONS,

    Respondent.

## REPORT AND RECOMMENDATION

Petitioner, Martin V. Barr, III, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (hereinafter, "§ 2254 Petition," ECF No. 1).[1] This matter is before the Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b).

In his § 2254 Petition, Barr demands federal habeas relief upon the following ground:

> Because of the illegal constitutionality of Carroll [v. Johhnson, 685 S.E.2d 647 (Va. 2009)], Petitioner has been denied a state judicial forum within which to challenge the computation of his state sentences.
> This decision in Carroll provides no oversight by the Virginia Court System over [the Virginia Department of Corrections' (hereinafter, "VDOC")] calculation of an inmate's term of incarceration. Thus, this lack of recourse to a state judicial forum raises a federal due process violation.

---

[1] The Court corrects the capitalization, spelling and punctuation in the quotations to Barr's submissions.

(§ 2254 Pet. 18.) Respondent asserts that Barr has failed to state a cognizable basis for federal habeas relief and moves to dismiss. (ECF No. 8.) Barr has responded. (ECF No. 13.) For the reasons set forth below, it is RECOMMENDED that the Motion to Dismiss (ECF No. 8) be GRANTED and the action be DISMISSED.

A. **Explanation of Carroll v. Johnson**

Because the thrust of Barr's § 2254 Petition challenges the decision in Carroll v. Johnson, the Court provides a preliminary discussion of that decision. Before Carroll, "habeas jurisdiction in Virginia state court was limited to cases that asserted a prisoner's right to immediate release from custody. The Carroll case . . . extended this jurisdiction to include cases that might affect the duration of a prisoner's confinement but would not necessarily result in his immediate release from custody." Bragg v. Clarke, No. 2:12-cv-161, 2013 WL 3087263, at *4 (E.D. Va. June 17, 2013). Specifically, the Supreme Court of Virginia stated:

> Our decision today does not dramatically expand habeas corpus jurisdiction. Our holding only concerns cases in which an order, entered in the petitioner's favor, interpreting a conviction or a sentence, will, as a matter of law and standing alone, directly impact the duration of a petitioner's confinement. Our holding does not extend habeas corpus jurisdiction to cases in which an order entered in the petitioner's favor will only give rise to a possibility of reducing the petitioner's term of imprisonment. Thus, disputes which only tangentially affect an inmate's confinement, such as prison classification issues concerning the rate at which a prisoner earns good

2

> conduct or sentence credits, or challenges to parole board decisions, are not proper matters for habeas corpus jurisdiction because an order entered in the petitioner's favor in those cases will not result in an order interpreting convictions or sentences that, on its face and standing alone, will directly impact the duration of the petitioner's sentence.

Carroll, 685 S.E.2d at 652 (citation omitted). Thus, subsequent to Carroll, a Virginia inmate could bring a claim asserting that the VDOC failed to correctly calculate his sentence, if success on such a claim would automatically accelerate his release, even if it would not result in his immediate release. See id. at 652-55 (analyzing the merits of such a claim).

### B. Procedural History

According to Barr, in 2013, he received a "legal update sheet and noticed that the VDOC had miscalculated his state sentence[(s)]." (§ 2254 Pet. 17.) On October 4, 2013, Barr filed a petition for a writ of habeas corpus with the Supreme Court of Virginia. See Petition for Writ of Habeas Corpus at 1, Barr v. Dir. of the Dep't of Corr., No. 131540, at 1 (Va. filed Oct. 4, 2013). In that petition, however, Barr failed to raise the alleged error by the VDOC in calculating his state sentences. See id. Ex. A, at 1-2. Instead, Barr raised the same challenge to the illegality of Carroll v. Johnson that he pursues in his § 2254 Petition. Id. On November 6, 2013, the Supreme Court of Virginia dismissed the petition because "the Court is of the opinion that habeas corpus does not lie in this

3

matter and that the writ of habeas corpus should not issue as prayed for." Barr v. Dir. of the Dep't of Corr., No. 131540, at 1 (Va. Nov. 6, 2013) (citing Carroll, 685 S.E.2d at 652).

**C. Analysis**

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Thus, "claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief." Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988) (citations omitted). This is so because the habeas petitioner's detention results from the underlying state conviction, not the state collateral proceeding. Lawrence v. Branker, 517 F.3d 700, 717 (4th Cir. 2008) ("[E]ven where there is some error in state post-conviction proceedings, a petitioner is not entitled to federal habeas relief because the assignment of error relating to those post-conviction proceedings represents an attack on a proceeding collateral to detention and not to the detention itself." (citing Bryant, 848 F.2d at 493; Bell-Bey v. Roper, 499 F.3d 752, 756 (8th Cir. 2007); United States v. Dago, 441 F.3d 1238, 1248 (10th Cir. 2006))).

Barr has not raised a claim that demonstrates that his custody or the calculation of his sentence violates the

4

Constitution or the laws of the United States. Instead, he generally challenges the scope of Virginia's post-conviction review for sentence calculations. Such a challenge fails to provide a cognizable basis for federal habeas corpus relief. Bell-Bey, 499 F.3d at 756 (internal and external citations, quotation marks, and alteration omitted) ("Because the Constitution does not guarantee the existence of state post-conviction proceedings, an infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas application."). Accordingly, it is RECOMMENDED that Respondent's Motion to Dismiss (ECF No. 8) be GRANTED and the action be DISMISSED.

Barr is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. See Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the Report and Recommendation may result in the dismissal of his claims, and it may also preclude further review or appeal from such judgment. See Carr v. Hutto, 737 F.2d 433, 434 (4th Cir. 1984).

The Clerk is DIRECTED to send a copy of this Report and Recommendation to Barr and counsel for Respondent.

/s/ _____
Roderick C. Young
United States Magistrate Judge

Date: December 22, 2014
Richmond, Virginia